963 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Muhammed ABDULLAH, a/k/a Jesse Clarke, a/k/a Idi Amen Da Da,
Defendant-Appellant.
 No. 91-5146.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 9, 1992
Decided: May 27, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-89-335-A)
 Argued: Paul Peter Vangellow, Falls Church, Virginia, for Appellant.
 Robert Andrew Spencer, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 On Brief: Kenneth E. Melson, United States Attorney, Cathleen Ann Tutty, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Muhammed Abdullah appeals the sentence imposed upon his conviction for impeding a correctional officer at Lorton Correctional Center, in violation of D.C. Code § 22-505. We find no error, and we affirm.
 
 I.
 
 2
 Abdullah, a District of Columbia inmate incarcerated at the Lorton prison in Virginia, pleaded guilty to one count of violating a D.C. statute that provides for a five-year maximum sentence for anyone who "assaults, resists, opposes, impedes, intimidates, or interferes with ... any officer ... of any penal or correctional institution...." D.C. Code § 22-505(a). A plea agreement stipulated that "Abdullah, while holding three shower hooks which had been straightened out and fashioned into rods, jabbed through the tier gate at Lieutenant Hinton," but no physical contact was made. The district court determined that the offense of conviction did not qualify as a "crime of violence" under U.S.S.G. § 4B1.2(1) (1989), and, therefore, the court rejected the government's request that Abdullah be sentenced as a career offender under U.S.S.G. § 4B1.1.
 
 II.
 
 3
 The government appealed the sentence and argued that the action of Abdullah in jabbing sharpened shower hooks at the officer should be deemed a crime of violence because the offense of conviction had "as an element the use, attempted use, or threatened use of physical force against the person of another...." U.S.S.G. § 4B1.2(1)(i) (1990). We were unwilling to hold that any conviction under D.C. Code § 22-505(a) would categorically qualify as a "crime of violence" under the career offender provisions because the proscribed conduct under the D.C. statute ranged from mere interference with a prison employee to an actual assault. United States v. Abdullah, No. 90-5156 (4th Cir. Nov. 16, 1990) (per curiam) (unpublished); compare United States v. Thompson, 891 F.2d 507 (4th Cir. 1989) (holding that a South Carolina statute making it a felony to point a gun at another was categorically a crime of violence under the career offender provisions). Under the plea agreement, Abdullah admitted only to "impeding, intimidating, or interfering with" the officer. We vacated the sentence and remanded for a determination of whether Abdullah's conduct, inasmuch as he was separated from the officer by a barrier, carried a potential risk of harm to the officer.
 
 III.
 
 4
 On remand, the district court held a hearing at which Lieutenant Hinton testified that he jumped back as Abdullah jabbed the hooks through the mesh barrier separating them. Hinton further testified that had he not done so, he would have been injured. The court fully credited this testimony, and thus found that the offense of conviction constituted a "crime of violence" as that term is defined in U.S.S.G. § 4B1.2(1). Accordingly, Abdullah was resentenced to sixty months under the career offender provisions. Abdullah appeals.
 
 IV.
 
 5
 The issue in this appeal involves a factual finding by the district court and, as such, is subject to review for clear error. United States v. Daugherty, 874 F.2d 213, 217 (4th Cir. 1989). Abdullah's effort to poke holes in Hinton's testimony is unavailing. Contrary to Abdullah's assertion that the government had the burden of proving the disputed fact by clear and convincing evidence, the burden on the government was only to show by a preponderance of the evidence that Abdullah could have injured the officer. United States v. Vinson, 886 F.2d 740, 741-42 (4th Cir. 1989). We hold that the district court's finding that Abdullah's conviction was for a "crime of violence" was not clearly erroneous, and, therefore, we affirm the sentence.*
 
 AFFIRMED
 
 
 *
 Abdullah raises an additional issue regarding the introduction of evidence during the resentencing hearing. We have considered the arguments on the point, and we find the issue to be without merit